UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| RHONDA HOS, Guardian ad Litem for K.H., a minor and GREGORY L. GARNER,<br><br>    Plaintiffs,<br><br>    v.<br><br>DAVID POOLER, *et al.*,<br><br>    Defendants. | NO.  CV-04-5123-RHW<br><br>**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** |

Before the Court is Defendants' Motion for Summary Judgment (Ct. Rec. 22).  The motion was heard without oral argument and without the benefit of responsive pleadings from Plaintiff.

### BACKGROUND FACTS

On November 16, 2002, Gregory Garner was shot in the back at Walla Walla State Penitentiary by Defendant David Poole, a correction officer at the penitentiary, and died as a result of the gunshot wound.  It is alleged that Mr. Garner was the father of Plaintiff, K.H., a minor.

Plaintiff Rhonda Hos filed her Complaint on November 11, 2004, as guardian ad litem for K.H. and on behalf of Gregory Garner.  The Complaint alleges that Mr. Garner's constitutional rights were violated when he was shot in the back without having the benefit of a warning shot and, presumably, K.H.'s

///

///

**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ~ 1**

1  constitutional rights were violated because she is deprived of her natural father.[1]

2  Defendants now move for summary judgment.

3  ### DISCUSSION

4  **A.  Standard of Review**

5  Summary judgment is appropriate if the "pleadings, depositions, answers to

6  interrogatories, and admissions on file, together with the affidavits, if any, show

7  that there is no genuine issue as to any material fact and that the moving party is

8  entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  There is no

9  genuine issue for trial unless there is sufficient evidence favoring the nonmoving

10  party for a jury to return a verdict in that party's favor.  *Anderson v. Liberty Lobby,*

11  *Inc.,* 477 U.S. 242, 250 (1986).  If the nonmoving party "fails to make a showing

12  sufficient to establish the existence of an element essential to that party's case, and

13  on which the party will bear the burden of proof at trial," then the trial court should

14  grant the motion."  *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986).  When

15  considering a motion for summary judgment, a court may neither weigh the

16  evidence nor assess credibility; instead, "the evidence of the non-movant is to be

17  believed, and all justifiable inferences are to be drawn in his favor."  *Anderson,*

18  477 U.S. at 255.

19  **B.  Analysis**

20  Defendants assert that summary judgment is appropriate because Plaintiff

21  has failed to establish that she or K.H. has standing to bring the claims set forth in

22  the complaint.  In doing so, Defendants are asserting a *Celotex*-type motion, that is,

23  they are arguing that there is an absence of evidence to support Plaintiff's case.

24  *Celotex,* 477 U.S. at 325.  Here, Defendants are asserting that there is an absence of

25  evidence to support that Mr. Garner was K.H.'s father, and there is an absence of

26  _____

27  [1]The complaint does not specify which constitution rights Mr. Garner and

28  K.H. are asserting.

**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** ~ 2

evidence that Plaintiff is the personal representative of Mr. Garner's estate.  Both assertions have merit.

When faced with a *Celotex*-type motion, the burden is on Plaintiff to go beyond the pleadings, and by her own affidavits, or "depositions, answers to interrogatories and admissions on file" designate "specific facts showing that there is a genuine issue for trial." *Id.* at 324.

In this case, Defendants have shown that there is an absence of evidence to support that Mr. Garner is K.H.'s father, which is a necessary element of a Fourteenth Amendment claim based on a deprivation of her liberty interest arising out of her relationship with her father.  According to Plaintiff's testimony, K.H. was conceived while her mother was married to Randy Yackulick.  Testimony regarding personal or family history such as this is admissible under Federal Rule of Evidence 803.  Under Washington law, a man is presumed to be the father of a child if he and the mother of the child were married to each other and the child is born during the marriage.  Wash. Rev. Code § 26.26.116(a)(1).  Thus, in order to establish that Mr. Garner is K.H.'s father, Plaintiff will need to rebut the presumption that Mr. Yackulick is her father.

In the same deposition, Plaintiff testified that an adjudication of parentage was undertaken by the Jefferson County Prosecutor's Office, and the result was that Randy Yackulick was not K.H.'s father.  To find that the statutory presumption is rebutted, the Court would need to rely on the deposition testimony of Plaintiff.  This hearsay evidence is not admissible under the Federal Rules of Evidence to prove the truth of the matter asserted, that is, that Mr. Yackulick is not K.H.'s father.  Instead, the Court would need to take judicial notice of the results of the parentage adjudication, or some other admissible evidence, in order to find that Mr. Yackulick was not K.H.'s father.  This has not been provided to the Court.  Likewise, Plaintiff has not submitted any admissible evidence establishing the parentage of K.H.  As such, Plaintiff has not met her burden under *Celetox* of

**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ~ 3**

1   demonstrating "specific facts showing that there is a genuine issue for trial."

2   *Celetox*, 477 U.S. at 324.

3       Defendants also assert that there is an absence of evidence that Plaintiff is

4   the personal representative of Mr. Garner's estate, which is a necessary element if

5   Plaintiff is to assert a claim on behalf of Mr. Garner's estate.  *See Moreland v. Las*

6   *Vegas Metro. Police Dep't*, 159 F.3d 365, 370 (9th Cir. 1998); Wash. Rev. Code §§

7   4.20.046; 4.20.060.  By failing to respond to Defendants' motion, Plaintiff has not

8   put forth any evidence demonstrating that she is the personal representative of Mr.

9   Garner's estate.  Under Washington law, the authority to act as a personal

10  representative is established by a will or court order.  Neither one has been

11  produced by Plaintiff.   As such, summary judgment in favor of Defendants is

12  appropriate.

13      In an unrelated matter, in reviewing Defendants' pleadings, the Court

14  discovered that the full name of K.H. was listed in Attachment B of Ct. Rec. 28.

15  The Clerk of Court has redacted K.H's name in the official court record.

16      Accordingly, **IT IS HEREBY ORDERED:**

17      1.  Defendant's Motion for Summary Judgment (Ct. Rec. 22) is **GRANTED**.

18      2.  Defendants' Motion to Exclude Plaintiffs' Expert Witness (Ct. Rec. 18) is

19  **DENIED**, as moot.

20      3.  Defendants' Motion to Compel Disclosure of Records of Proceedings to

21  Adjudicate Parentage of K.H. (Ct. Rec. 27) is **DENIED**, as moot.

22      4.  Defendants' Motion in Limine (Ct. Rec. 34) is **DENIED**, as moot.

23      5.  Judgment shall be entered in favor of Defendants.

24  ///

25  ///

26  ///

27  ///

28      **IT IS SO ORDERED.**  The District Court Executive is directed to enter this

**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ~ 4**

order, provide copies to counsel, and close the file.

**DATED** this 31st day of October, 2005.

s/  ROBERT H. WHALEY
Chief United States District Judge

**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ~ 5**