UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| RHONDA HOS, Guardian ad Litem for K.H., a minor, and GREGORY L. GARNER,<br><br>Plaintiffs,<br><br>v.<br><br>DAVID POOLER, *et al.*,<br><br>Defendants. | NO. CV-04-5123-RHW<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION** |

Before the Court is Plaintiff's Motion for Reconsideration (Ct. Rec. 40). A hearing was held on this motion on December 20, 2005. Plaintiffs were represented by Thomas Olmstead. Defendants were represented by Mary McLachlan.

## PROCEDURAL BACKGROUND

On October 31, 2005, the Court entered an Order Granting Defendant's Motion for Summary Judgment (Ct. Rec. 38). The Court found that Defendants had shown there was an absence of evidence to support that Gregory Garner was K.H.'s father, which would be a necessary element of Plaintiffs' claim. The Court also found that Plaintiff Rhonda Hos failed to put forth any evidence demonstrating that she is the personal representative of Mr. Garner's estate.

On November 9, 2005, Plaintiffs filed a Motion for Reconsideration of the Court's Order Granting Summary Judgment in Favor of Defendants, pursuant to Fed. R. Civ. P. 59(e), stating that they were in the process of obtaining evidence

**ORDER DENYING PLAINTIFF'S
MOTION FOR RECONSIDERATION ~ 1**

that Randy Yackulic and Jay Stilts were not the father of K.H. On December 19, 2005, Plaintiffs filed an Affidavit from Karls-Hans Wurzinger, Ph.D. in which Dr. Wurzinger concluded that Randall Yackulic and Jay Stilts are not the father of K.H. Plaintiffs assert this proves at the minimum there are material facts in dispute regarding the parentage of K.H. sufficient to present the issue to a jury.

Defendants understandably objected to the untimeliness of providing this information and urged the Court to deny Plaintiffs' Motion for Reconsideration. Notwithstanding the untimeliness of Dr. Wurzinger's testimony, the Court finds this evidence rebuts the statutory presumption that Randall Yackulic is the father of K.H., and, therefore, the issue of K.H.'s parentage would be a question of material fact, preventing summary judgment on this issue. This does not necessarily mean that the Court should grant Plaintiffs' Motion for Reconsideration, however. In granting Defendants' Motion for Summary Judgment, the Court did not address Defendants' remaining arguments that summary judgment is appropriate because Plaintiffs have not established that K.H. has a liberty interest or that a constitutional violation occurred, and because Defendants are entitled to qualified immunity. In order to complete the record, these arguments will now be addressed by the Court.

### BACKGROUND FACTS

On November 16, 2002, Gregory Garner was shot in the back at Walla Walla State Penitentiary by Defendant David Pooler, a correction officer at the penitentiary, and died as a result of the gunshot wound. The following facts are taken from Defendant's uncontroverted statement of facts.[1]

---

[1] Plaintiffs did not file a statement setting forth the specific facts which they assert establishes a genuine issue of material fact precluding summary judgment. *See* LR 56.1(b). Pursuant to LR 56.1(d), in determining any motion for summary judgment, the Court may assume that the facts as claimed by the moving party are

**ORDER DENYING PLAINTIFF'S**
**MOTION FOR RECONSIDERATION ~ 2**

On November 16, 2002, at approximately 9:10 or 9:15 a.m., Officer David Pooler was on the catwalk between Tower 6 and Tower 7 when he heard a radio call that there was a fight in the big yard in front of Tower 6. Officer Pooler looked in the direction of Tower 6 and saw one inmate was on the ground and the other inmate was on top of him, pounding on him. Officer Pooler immediately heard the Tower 6 officer, Officer Timber Burton, loudly and clearly issue several verbal warnings to the fighting inmates to break it up. Officer Pooler saw the inmate on the bottom try to fight back a little, and then his arms dropped as if he had lost consciousness. He saw the inmate on top did not comply with Officer Burton's directives to break it up, and the inmate on the top continue to beat the other inmate's face and head area. Officer Pooler thought the inmate on the bottom was not able to defend himself any more and also thought the inmate on top was going to kill the inmate on the bottom. He fired a round at the inmate on the top to prevent him from beating to death the inmate on the bottom. He did not believe he had time to issue a verbal warning, blow a whistle, or fire a warning shot. By the time he had made his weapon ready to fire, the inmate on the bottom had dropped his arms as if he had lost consciousness, and Officer Pooler felt the inmate on top was going to beat the inmate on the bottom to death. He fired one shot at the inmate on top and that inmate collapsed. The inmate on top was Gregory Garner. He died as a result of the gunshot wound.

## DISCUSSION

**A. Standard of Review**

Summary judgment is appropriate if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is

---

admitted to exist without controversy except as and to the extent that such facts are controverted by the record set forth in (b).

**ORDER DENYING PLAINTIFF'S
MOTION FOR RECONSIDERATION ~ 3**

entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). There is no genuine issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict in that party's favor. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250 (1986). If the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which the party will bear the burden of proof at trial," then the trial court should grant the motion. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). When considering a motion for summary judgment, a court may neither weigh the evidence nor assess credibility; instead, "the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson*, 477 U.S. at 255.

**B. Analysis**

At this point in the proceedings, the Court must review the facts in the light most favorable to Plaintiffs. Here, Plaintiffs have established a question of material fact with regard to whether Mr. Garner was K.H.'s biological father. For purposes of Defendants' Motion for Summary Judgment, then, the Court assumes that Mr. Garner is K.H.'s biological father.

In reading Plaintiffs' Complaint, it appears they are asserting that K.H.'s substantive due process rights were violated when Mr. Garner was unlawfully shot and killed by Officer Pooler.[2] In order to establish that K.H's substantive due process rights were violated, Plaintiffs must show that K.H. had a protected liberty interest in her relationship with Mr. Garner. *See Michael H. v. Gerald D.*, 491 U.S. 110, 121 (1989) (plurality opinion). In *Smith v. City of Fontana*, 818 F.2d 1411 (9th Cir. 1983) (*overruled on other grounds, Hodgers-Durgin*, 199 F.3d 1037 (9th

---

[2]In their Complaint, Plaintiffs allege "[a]s a result of the Defendant's wrongful actions, Plaintiff Garner was killed and Plaintiff K.H. was deprived of her natural father."

**ORDER DENYING PLAINTIFF'S
MOTION FOR RECONSIDERATION ~ 4**

Cir. 1999), the Ninth Circuit answered the threshold question of whether a child's interest in the continued companionship and society of his or her father is a cognizable liberty interest under the due process clause in the affirmative:

> "We now hold that this constitutional interest in familial companionship and society logically extends to protect children from unwarranted state interference with their relationships with their parents."[3]

*Id.* at 1418.

Thus, allegations of excessive force resulting in a loss of life of a parent can support a child's substantive due process claim based on the loss of companionship of the parent. *Id.* at 1420.

Defendants argue that, notwithstanding *Smith*, K.H. does not have a constitutionally protected liberty interest in developing a relationship that does not already exist. In support of their arguments, Defendants focus on *Smith*'s use of the word "continued" in recognizing a liberty interest in the companionship and society of their deceased parent. *Id.*, *supra.* Defendants assume that the Ninth Circuit would hold that a child does not have a liberty interest in developing a relationship with her biological father, where, as here, there is no custodial father to take the place of her biological father. The Court is not so sure. K.H. was less than a year old when Mr. Garner was killed. At this precise point in her life, one cannot say whether she was interested in developing a relationship with her biological father. The liberty interest at stake, then, would be the ability to develop the relationship and that was taken away from her when Mr. Garner was killed. Defendants are correct in pointing out that no prior case law has held that a child

---

[3] In dicta, the Circuit suggested that "a child has a *greater* interest in a continued life of a biological parent than vice versa because often the parent has or can have other biological children, whereas a child can never replace a biological parent." *Id.* at 1418 n.10. (Emphasis in original).

**ORDER DENYING PLAINTIFF'S
MOTION FOR RECONSIDERATION** ~ 5

has a constitutionally protected liberty interest in developing a relationship that does not already exist, but conversely, no court has held that a child does not.[4]

For purposes of Defendant's Motion for Summary Judgment, however, it is not necessary for the Court to determine whether K.H. has a liberty interest in having the ability to develop a relationship with Mr. Garner, because even if she had, Plaintiffs are unable to show that Defendants acted with deliberate indifference to K.H.'s liberty interest by using excessive force against Mr. Garner.

In their Complaint, Plaintiffs did not specify the specific constitutional provisions that they claim were violated. As discussed above, the Court is assuming that Plaintiffs are bringing a 42 U.S.C. § 1983 claim for substantive due process violation under the Fourteenth Amendment. With regard to Gregory Garner, the Court assumed that Plaintiffs were bringing an excessive force claim under the Eighth Amendment.[5]

In *Whitley v. Albers*, 475 U.S. 312, 320-21 (1986), the United States Supreme Court held that whether harm inflicted by officers responding to prison

---

[4] Defendants also appear to argue that because Mr. Garner was incarcerated, K.H. and Mr. Garner could never develop a quality parental relationship. The Court does not accept this premise. *See* National Institute of Corrections, *Services for Families of Prison Inmates* (Feb. 2002) (reviewing programs that provided support to inmates and their families); Creasie Finney Hairston, *The Forgotten Parent: Understanding the Forces that Influences Incarcerated Fathers' Relationships with Their Children*, 77 Child Welfare 617 (1998).

[5] In its Order Granting Defendants' Motion for Summary Judgment, the Court dismissed the claims asserted by Ms. Hos on behalf of Mr. Garner because Ms. Hos failed to produce evidence that she is the personal representative of Mr. Garner's estate. Plaintiffs did not challenge this ruling in their Motion for Reconsideration. That ruling still stands.

disturbances violated the Eighth Amendment turned on "whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." *Id.*

In *County of Sacramento v. Lewis*, 523 U.S. 833 (1998), the United States Supreme Court set forth the standard of culpability applicable to substantive due process claims arising from the unintentional killing of an individual by law enforcement. In that case, the Court held that "only a purpose to cause harm unrelated to the legitimate object of arrest will satisfy the element of arbitrary conduct shocking to the conscience, necessary for a due process violation." *Id.* at 836.

In *Moreland v. Las Vegas Metropolitan Police Dep't*, 159 F.3d 365 (9th Cir. 1998), the Ninth Circuit held that the "purpose to cause harm" standard of culpability represented in both the *Whitley* and *County of Sacramento* cases applied to the plaintiffs' Fourteenth Amendment claim based on deprivation of their liberty interest arising out of their relationship with their father who was unintentionally killed by law enforcement officers. *Id.* at 373. In that case, the Circuit held that the critical question is determining the appropriate standard of culpability in whether the circumstances allowed the state actors time to fully consider the potential consequences of their conduct. *Id.*

In this case, unlike the plaintiffs in *County of Sacramento* and *Moreland*, Plaintiffs are asserting a Fourteenth Amendment claim based on the deliberate use of force. Even so, the rationale in the above cases applies with equal force to the circumstances faced by Officer Pooler. Thus, in order to sustain their Fourteenth Amendment claim, Plaintiffs must show that Defendants' purpose to cause harm to Mr. Garner was unrelated to the legitimate object of the use of force.

Plaintiffs cannot meet their burden. In this instance, Officer Pooler was responding to an extreme situation at a penitentiary in which he believed that Mr. Garner was going to beat another inmate to death. Mr. Garner did not respond to

**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION ~ 7**

1  several verbal warnings to stop fighting, and did not respond to a warning shot that
2  was fired. There is no evidence in the record that Officer Pooler's purpose in
3  shooting Mr. Garner had anything to do with something other than protecting the
4  life of another inmate. When Officer Pooler fired the fatal shot, he was addressing
5  a life-threatening situation which required him to "act decisively, "without the
6  luxury of a second chance" to address the situation. *See Moreland*, 159 F.3d at
7  372.

Because Plaintiffs cannot show that Defendants' purpose to cause harm to Mr. Garner was unrelated to the legitimate object of the use of force, their substantive due process claim fails. As a result, it is not necessary to address Defendants' arguments regarding qualified immunity. *See Blanford v. Sacramento County*, 406 F.3d 1110, 1114 (9th Cir. 2005) (recognizing that in analyzing a qualified immunity claim, the court must first ask whether the facts alleged show the defendant's conduct violated a constitutional right).

Accordingly, **IT IS HEREBY ORDERED:**

1. Plaintiffs' Motion for Reconsideration (Ct. Rec. 40) is **DENIED**.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this order, provide copies to counsel, and close the file.

**DATED** this 23rd day of January, 2006.

s/ Robert H. Whaley

ROBERT H. WHALEY
Chief United States District Judge

Q:\CIVIL\2004\Hos\sj.ord.wpd

**ORDER DENYING PLAINTIFF'S
MOTION FOR RECONSIDERATION ~ 8**